UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GEORGE MORALES

      Petitioner,

v.                                    Case No: 5:11-cv-72-Oc-29PRL

WARDEN, FCC COLEMAN -
MEDIUM,

      Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court upon review of the file. George Morales, a pro se petitioner, initiated this action while incarcerated at FCC Coleman, located in Coleman, Florida, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. #1, Petition), under the savings clause of 28 U.S.C. § 2255. See generally Petition. Respondent filed a Response (Doc. #6, Response) to the Petition and moves to dismiss the Petition. Petitioner filed a Reply (Doc. #7, Reply). For the reasons herein, the Court finds the Petition should be dismissed for lack of jurisdiction because it constitutes an improper § 2255 motion.

**I. Background**

Petitioner was indicted in the Southern District of Florida for conspiring to distribute 100 or more marijuana plants in

violation of 21 U.S.C. § 846 (Count 1), and distributing 100 or more marijuana plants in violation of 21 U.S.C. § 841(a)(1)(Count 2).  Response at 1 (citing case number 1:04-cr-20532 (S.D. Fla. 2004) (hereinafter "Crim. Case")); see also United States v. Morales, Case No. 05-13904, 2006 WL 940643 (11th Cir. 2006)(unpublished).  Petitioner plead guilty to Count 1 and the Government dropped Count 2 pursuant to a written plea agreement.  Crim. Case Docs. #62, #67.  On June 30, 2005, the Southern District sentenced Petitioner to 141 months in prison and 5 years supervised release.  Crim. Case Doc. #82; Morales, 2006 WL 940643 *3.  This sentence was at the low-end of the guidelines range.  Morales, *3.

Petitioner pursued a direct appeal on the basis that his sentence was unreasonable and that it violated Apprendi v. New Jersey, 530 U.S. 466 (2000), because his sentence was enhanced based on prior convictions that had not been alleged in an indictment and that he had not admitted.  Response at 1-2; United States v. Morales, 2006 WL 940643.  The United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction and sentence.  Crim. Case Doc. #94; United States v. Morales, 2006 WL 940643,

Petitioner then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, raising two grounds of ineffective assistance of counsel.  Crim. Case Docs. #96; see also Case No.

07-cv-22807 (S.D. Fla. 2007)(hereinafter "Civil Case"). The court denied his § 2255 motion. Crim. Case Doc. #100; Civil Case Doc. #11, #15. Petitioner then sought leave to file a successive § 2255 motion in the Eleventh Circuit on the basis that he is actually innocent of his career-offender enhancement pursuant to Chambers v. United States, 555 U.S. 122, 129 S. Ct. 687 (2009). The Eleventh Circuit found that Chambers was not retroactive and denied Petitioner's motion on February 5, 2010. See Petition at 10-12.

Petitioner then initiated the instant action raising similar challenges to his enhanced sentence on February 16, 2011. Similar to the arguments Petitioner raised in his motion for leave to file a successive § 2255 motion, Petitioner argues that he is actually innocent of his enhanced sentence based upon Chambers, 555 U.S. at 122, and adds Johnson v. United States, 130 S. Ct. 1265 (2010). Petition at 3, 8. Petitioner raises four challenges to his enhanced sentence, but essentially takes issue with one of his prior robbery convictions, case number F91-39646, and argues that the conviction was improperly relied upon to enhance his sentence, because it did not qualify as a crime of violence. Accordingly, Petitioner requests that the Court resentence him without the career-offender enhancement. Id. at 6.

Respondent filed a Response the Petition seeking dismissal of the Petition pursuant to Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011)(en banc).  In pertinent part, Respondent argues that the instant Petition is improperly filed under the savings clause.  Respondent notes that Petitioner already pursued and was denied collateral relief in his § 2255 motion, and denied leave to file a successive § 2255 motion.  See generally Response.  In Reply, Petitioner asserts that he is entitled to relief under the "Suspension Clause" and further asserts that the Respondent apparently concedes that his prior conviction for robbery that was used to enhance his sentence no longer qualifies as a crime of violence under Johnson, because Respondent does not address his claim.  See Reply.

Upon review, the Court will dismiss the Petition as an improper filing under 28 U.S.C. § 2241 because Petitioner's challenge to his sentence is foreclosed by Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999).  See Id. at 1238 (setting forth three prong test); but see Turner, 709 F.3d 1328, 1333-1334 (11th Cir. 2013)(noting that the Wofford test is *dicta*); see also Williams v. Warden, Federal Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013)(clarifying the test set forth in Wofford, 177 F.3d at 1236).

**II. Discussion**

"Typically collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005)(*per curiam*). When a petitioner has previously filed a § 2255 petition, he must apply for and receive permission from the appropriate federal circuit court prior to filing a successive petition. Id. (citing In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996); see also 28 U.S.C. § 2244(b)(3)(A). Additionally, § 2255 motions must be brought in district court of conviction and are subject to a one-year statute of limitations. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003); 28 U.S.C. § 2255(f).

Petitioner's previous § 2255 motion was denied by the court which imposed his sentence. Thus, Petitioner may not file another § 2255 motion without first receiving permission from the appropriate United States Court of Appeals, which Petitioner has failed to do. 28 U.S.C. § 2255(h); Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005)("[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive § 2255 motion"). Petitioner attempts to circumvent this requirement by filing a petition under the "savings clause" of § 2255. The savings clause of § 2255 permits a federal petitioner to file a § 2241 petition if the petitioner can establish that § 2255 "is

inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

It is clear that Petitioner no longer has any remedies available under § 2255, so he files the Petition under § 2241. According to Eleventh Circuit precedent, the circumstances under which a federal prisoner may invoke relief pursuant to § 2241 are limited to specific instances set forth in the "savings clause" of § 2255. <u>Wofford v. Scott</u>, 177 F.3d at 1245. A prisoner may not use the savings clause simply to circumvent the restrictions on filing a second or successive motion. <u>Id.</u> The <u>Williams</u> court interpreted <u>Wofford</u> as establishing two necessary conditions for a sentencing claim to pass muster under the saving's clause: First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally important, condition is the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion. <u>Id.</u> at 1343 (citing <u>Wofford</u>, 177 F.3d at 1245). Even then, the Eleventh Circuit expressly refused to say whether such a showing would be sufficient to open a portal to § 2241. <u>Id.</u> (<u>Wofford</u>'s holding established two necessary conditions—although it does not go as far as holding them to be sufficient—for a sentencing claim to pass muster under the saving's clause). This threshold

- 6 -

showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's § 2241 claims. Id. at 1338.

Petitioner cannot satisfy either requirement. Petitioner relies on Chambers and Johnson to argue that the district court improperly sentenced him as a career offender because one of his prior robbery convictions was not a violent felony. Initially, the Court notes that the Eleventh Circuit already refused to grant Petitioner leave to file a successive § 2255 motion finding that Chambers was not a new rule of constitutional law made retroactive to cases on collateral review, that was previously unavailable. See Petition at 10-12. Additionally, Petitioner cannot demonstrate that Johnson is retroactive and the Court finds otherwise. "[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663 (2001) (internal quotation marks omitted); In re Joshua, 224 F.3d 1281, 1283 (11th Cir. 2000) ("For a new rule to be retroactive, the Supreme Court must make it retroactive to cases on collateral review."). An examination of the Court's opinion in Johnson does not indicate that it was made retroactive to cases on collateral review. Johnson does not use the word "retroactive," let alone discuss application to cases of collateral review. See In re Patterson, Case No. 10-13445-D, 2010 U.S. App. LEXIS

26606 at *3 (11th Cir. Aug. 12, 2010) ("In Johnson, the Supreme Court did not discuss the applicability of its ruling as to retroactivity on collateral review and, thus, did not explicitly make the case retroactive on collateral review."). See also Hodges v. Warden, FCC Coleman USP I, Case No. 5:10-cv-369-Oc-10TBS, 2012 WL 1094070 at *3 (M.D. Fla. Apr. 2, 2012)(finding Johnson not retroactive); Kilgore v. United States, Case No. 8:10-cv-1973-T-24TBM, 2012 WL 2087415 at *1 (M.D. Fla. June 8, 2012); Hill v. United States, Case No. 3:11-cv-196-J-37TEM, 2011 WL 1110057 at *4 (Apr. 3, 2012)(finding Johnson not retroactive); Berryhill v. United States, Case No. 8:11-cv-444-T-30MAP, 2011 WL 4502064 at *1 (M.D. Fla. Sept. 28, 2011)(finding the Johnson case "a case of statutory interpretation, not a creation of a new right."); Jackson v. United States, Case No. 8:10-cv-2000-T-27TBM, 2011 WL 4005291 at *7 (M.D. Fla. Sept. 8, 2011)(finding no binding precedent to apply Johnson retroactively); Crawford v. United States, Case No. 8:11-cv-1866-T-30TGW, 2011 WL 3702664 at *2 (M.D. Fla. Aug. 23, 2011)(stating no statement from Supreme Court and no binding Eleventh Circuit precedent requiring retroactive application); Rogers v. United States, Case No. 8:10-cv-1873-T-27EAJ, 2011 WL 3625623 at *2 (M.D. Fla. Aug. 17, 2011)(same); Hires v. United States, Case No. 8:11-Cv-388-T-30TGW, 2011 WL 3566701 at *2 (M.D. Fla. Aug. 12, 2011)(finding "Johnson did not recognize a

new right."); McGowan v. United States, Case No. 8:10-CV-2526-T-30EAJ, 2011 WL 2470168 at *2 (M.D. Fla. June 21, 2011)(stating "[n]othing in the Johnson decision indicates that the Supreme Court intended for the holding to apply retroactively."); Tarver v. United States, Case No. 8:10-CV-2529-T-30MAP, 2011 WL 2970089 at *2 (M.D. Fla. June 20, 2011)(same). Since the Court concludes that Chambers and Johnson are not retroactive, Petitioner cannot meet the first prong of Wofford.

Further, nothing precluded Petitioner from raising this argument, on appeal, or in his first § 2255 motion. In Wofford, the Eleventh Circuit stated that all that is required under 28 U.S.C. § 2255(e) is that a petitioner have had an "unobstructed procedural shot" at getting his sentence vacated. Wofford, 177 F.3d at 1244. "That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed." Id.; see also Turner v. Warden, Coleman FCI, 709 F.3d 1328 (11th Cir. 2013)(holding that § 2255(e)'s savings clause did not cover federal habeas petitioner's claim, because it could have been raised in an earlier § 2255 proceeding). Because circuit precedent did not foreclose this claim, Petitioner's first § 2255 motion was not inadequate or ineffective to raise the

instant sentencing claim.  Accordingly, the savings clause provision of § 2255(e) does not apply to this petition.

In sum, Petitioner cannot satisfy either prong of the Wofford test, so the savings clause of § 2255(e) does not apply. Petitioner's collateral attack on his federal conviction must be treated as a § 2255 petition. However, Petitioner has previously filed a § 2255 petition and his motion for leave to file a successive § 2255 motion was denied.  Thus, the instant action is successive and the Court lacks jurisdiction.

Accordingly, it is hereby

**ORDERED**:

1.  The Petition (Doc. #1) is dismissed for lack of jurisdiction.

2. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this __4th__ day of December, 2013.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: alr

Copies: All Parties of Record